## Hobby *v.* Mead.

### In the Court below,

RICHARD MEAD, sole administrator on the estate of *Isaac Holmes*, Jun. deceased, *Plaintiff*; RICHARD HOBBY, *Defendant*.

A declaration may be amended after it has been adjudged insufficient.

THIS was an action of debt, on a judgment recovered in the year 1790, by *Amos Mead*, then sole administrator on the estate of *Isaac Holmes*, jun. against the defendant, stating, that the defendant had been taken by an execution upon that judgment, and committed to gaol ; that he had taken the poor prisoner's oath, and was discharged from gaol ; that he had since become possessed of a large estate, more than sufficient to pay his debts ; and that said judgment yet remains unpaid, and unsatisfied.

To this declaration there was a demurrer, in the Superior Court, and, in August term, 1803, the declaration was adjudged insufficient ; and *afterwards*, the plaintiff moved, and obtained liberty, to amend his declaration, upon payment of costs.

The plaintiff then amended his declaration by stating, that *Amos Mead*, in the year 1801, became *non compos mentis*, and had so continued ; and, on that account, was, by the Court of Probate, removed from the office of administrator, and the plaintiff was appointed ; of which appointment the plaintiff accepted, and executed bonds according to law. After the declaration was thus amended, the defendant, in January term, 1804, suffered a default ; and now brings this writ of error, and assigns for cause,—that the Superior Court permit-

ted said declaration to be amended, and then rendered judgment for the plaintiff, after they had once rendered judgment for the defendant therein.

*Smith*, (of New-Haven) for the plaintiff in error.

By the statute authorizing amendments, (*a*) the Court may permit amendments, in civil cases, *pending* before them. Was this suit " pending" at the time of the amendment ?

After judgment there was an end of the case ; the parties were out of Court ; the cause was decided upon a question, which went to a total extinction of the right of action. The defendant, having obtained a judgment, was not bound to appear ; and there is nothing upon the record to shew, that he did appear, after that judgment.

Suppose, that as soon as the demurrer was decided, the plaintiff had commenced a new suit ; could the defendant have pleaded in abatement, that this suit was pending? If so, in every case, where a declaration is insufficient, the plaintiff cannot bring a new action, but must amend the former.

*Baldwin*, and *R. M. Sherman*, for the defendant in error.

Leave was given to amend, at the same term, that judgment was rendered ; it is, therefore, to be presumed, that licence was given as soon as possible after judgment ; perhaps *instanter*.

It is precisely analogous to any other motion after a

_____
(*a*) *Stat.* 23.

verdict of the jury. Judgment goes, of course ; but it may be stayed, by a motion in arrest, or a motion for a new trial ; and the Court, in those cases, as well as in this, have nothing to do, but to tax the cost, when the motion is made.

So, if a case is defaulted, upon motion, a hearing in damages may be obtained.

In those cases, the suits may be said to be terminated, as well as in this. The test, therefore, that a new suit might have been instituted, proves too much.

The decisions of our Courts, before the act of 1794, were liberal upon the subject of amendments.—Where an issue was closed to the Court, and tried by the jury, an amendment was allowed after verdict. (b)

Our statute proceeds upon the same liberal principles. It is agreed, that the amendment must be made while the case is pending.

After a judgment, on a plea of abatement, the plaintiff may amend. The action is then as much out of Court, as if judgment was given upon demurrer ; and is exactly in the same situation.

The Court had merely given an opinion, that the declaration was insufficient ; and before the judgment for costs was rendered, a motion to amend was made, and allowed. In a subsequent judgment, in January, 1804, it is mentioned, that the Court rendered judgment for costs ; but these costs were not taxed ; and before the record proceeds any further, it appears, that the amendment was

(b) Kirby 348, Phelps v. Sanford.

allowed. The suit might, therefore, be said to be pending. Such a construction accords with the intention of the legislature ; and no case shows the equity of such construction more than the present, as without it, the benefit of the attachment would be wholly lost.

But, if the Court erred in suffering the amendment, yet if they likewise erred in finding the declaration insufficient, the final judgment was right. The only exception to the declaration, before amendment, was, that it did not appear what had become of the former administrator. But there can be no reason why the cause of removal of a former administrator, or the appointment of a new one, should be stated, any more than the cause of appointing an administrator should be stated, where there had been but one. No benefit results to the defendant more in one case, than in the other. When a jury have found a verdict for the plaintiff, if, from the whole record, it appears to the Court, that judgment ought to be for the defendant, they will render judgment accordingly. So, in this case, if the permission to amend was wrong, yet if the declaration before was good, a reversal of this judgment, will only force us to bring a writ of error upon the other.

*Smith*, (of Woodbury) in reply.

A variety of statutes in England allow amendments, in mere matters of form. Our late statute, allowing amendments in matters of substance, is peculiar to Connecticut, and derogating from the common law. It is not, therefore, to be extended. It is said, on the other side, that attachments may be lost, if such amendments are not allowed. But bondsmen, receipts-men, and creditors, viewing the declaration insufficient, may have

D d

governed themselves accordingly ; and shall not they be protected, by a good judgment?

The statute relating to abatements, has nothing to do with this case. *That* speaks of an amendment, after judgment ; but such are not the words of this statute. Neither can this defect be rectified as a mistake ; for here has been no mistake.

After a verdict, by a motion in arrest, a case may be pending ; but in such case there could not be a default against a defendant.

The Superior Court have decided, that the plaintiff cannot withdraw a suit, after a verdict is delivered to the clerk ; but cannot the plaintiff withdraw a case, which is pending?

But, it is said, the costs were not taxed ; but the Court did, in August, adjudge the declaration to be insufficient. Is it necessary, that the costs should be taxed, to make up the judgment? If so, a defendant, who has judgment upon a point of form, may forbear to exhibit his bill of costs, and the case will be always pending, and no new suit can be brought.

Costs must have followed, of course, if they had not been made part of the judgment. They may be taxed, by a single judge, in vacation.

In this case, it is no where found, that costs were paid, which was the condition of the amendment.

But, it is said, there are two errors ; and, therefore, there are none ; and, it is asked, is not substantial jus-

tice done on the amendment? If this is allowed, the Court may suffer an amendment, at any time after the judgment, and without notice to the other party, and then say, that justice is done. And the same might be said, if they refused the defendant a hearing in damages. If a writ of error had been brought upon the first judgment, the case might have been sent back, and we put to plead anew, or to have a hearing in damages.

But the Court did right, in adjudging the declaration insufficient. The plaintiff described himself as administrator; in the declaration he has shewn a judgment in favor of another man as administrator; the defect was in the declaration, and not in the writ. If A. sued B. on a note, payable to C. he might recover, if notes were negotiable; but he must show the note declared on to be of that description. So, in this case, the administrator should have pointed out his right to claim.

The judgment upon the demurrer was final, and no further proceedings could be had; and, if it be admitted, that it was incorrect, it is contended, that one erroneous judgment cannot be set off against another.

BY THE COURT,

The judgment was affirmed.